UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

ERIC COTHRELL,                                          Case No. 3:13-cv-00276-HA

            Plaintiff,                              OPINION AND ORDER

    v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

           Defendant.

_____

HAGGERTY, District Judge:

    Plaintiff Eric Cothrell seeks judicial review of a final decision by the Acting

Commissioner of the Social Security Administration denying his applications for Supplemental

Security Income (SSI) and Disability Insurance Benefits (DIB). This court has jurisdiction to

review the Acting Commissioner's decision under 42 U.S.C. § 405(g). After reviewing the

record, this court concludes that the Acting Commissioner's decision must be reversed and

remanded for further proceedings.

1 - OPINION AND ORDER

**STANDARDS**

A claimant is considered "disabled" under the Social Security Act if: (1) he or she is unable to engage in any substantial gainful activity (SGA) "by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months," and (2) the impairment is "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Hill v. Astrue,* 688 F.3d 1144, 1149-50 (9th Cir. 2012) (citing 42 U.S.C. § 1382c(a)(3); *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)); 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a). In steps one through four, the Commissioner must determine whether the claimant (1) has not engaged in SGA since his or her alleged disability onset date; (2) suffers from severe physical or mental impairments; (3) has severe impairments that meet or medically equal any of the listed impairments that automatically qualify as disabilities under the Social Security Act; and (4) has a residual functional capacity (RFC) that prevents the claimant from performing his or her past relevant work. *Id.* An RFC is the most an individual can do in a work setting despite the total limiting effects of all his or her impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), and Social Security Ruling (SSR) 96-8p. The claimant bears the burden of proof in the first four steps to establish his or her disability.

At the fifth step, however, the burden shifts to the Commissioner to show that jobs exist

in a significant number in the national economy that the claimant can perform given his or her

RFC, age, education, and work experience. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996).

If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of

awarding benefits. 20 C.F.R. §§ 404.1520(f)(1), 416.920(a). On the other hand, if the

Commissioner can meet its burden, the claimant is deemed to be not disabled for purposes of

determining benefits eligibility. *Id.*

 The Commissioner's decision must be affirmed if it is based on the proper legal standards

and its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. §

405(g); *Tackett*, 180 F.3d at 1097; *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

Substantial evidence is more than a scintilla but less than a preponderance; it is "such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v.

Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted).

 When reviewing the decision, the court must weigh all of the evidence, whether it

supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098. The

Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the

Commissioner's decision must be upheld in instances where the evidence supports either

outcome. *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998). If, however, the

Commissioner did not apply the proper legal standards in weighing the evidence and making the

decision, the decision must be set aside. *Id.* at 720.

## FACTUAL AND PROCEDURAL HISTORY

 Plaintiff was born in 1963. He graduated high school and earned an Associate's Degree

as a machinist. He has previous work experience as a machine operator for his father's company

and as an escort vehicle driver. On December 17, 2009, plaintiff protectively filed applications

for SSI and DIB. In both applications, plaintiff alleged a disability onset date of January 1, 2003.

His date last insured was December 31, 2007. His applications were denied initially and upon

reconsideration.

At plaintiff's request, an Administrative Law Judge (ALJ) conducted a hearing on May 5,

2011. At the hearing, plaintiff amended his alleged disability onset date to October 28, 2005.

Plaintiff, who was represented by counsel, appeared and testified, as did plaintiff's mother and

sister. Also appearing and testifying were an independent medical expert and an independent

vocational expert (VE).

On September 14, 2011, the ALJ issued a decision finding plaintiff disabled as of

December 17, 2009, but not disabled prior to this date. Tr. 32-33.[1] At step one of the sequential

analysis, the ALJ found that plaintiff had not engaged in SGA since the amended alleged onset

date. Tr. 25, Finding 2. At step two, the ALJ found that since the amended alleged onset date,

plaintiff has suffered from the following medically determinable severe impairments: depression,

anxiety, post-traumatic stress disorder, social phobia, a personality disorder, substance induced

psychosis and polysubstance abuse. Tr. 25, Finding 3. After considering plaintiff's severe and

non-severe impairments, the ALJ determined that, prior to December 17, 2009, plaintiff did not

have an impairment or combination of impairments that met or equaled a listed impairment in 20

C.F.R. Part 404, Subpart P, Appendix 1. Tr. 25, Finding 4. For the period in question prior to

December 17, 2009, the ALJ found that plaintiff had the RFC to perform a full range of work at

---

[1] "Tr." refers to the Transcript of the Administrative Record.

all exertional levels but with the following nonexertional limitations: plaintiff was limited to simple, entry-level work with only occasional interaction with the public and coworkers. Tr. 26. The ALJ found that, since the amended alleged onset date, plaintiff was unable to perform past relevant work. Tr. 29, Finding 6. Prior to December 17, 2009, considering plaintiff's age, education, work experience, and RFC, the ALJ found that plaintiff could have performed jobs that existed in significant numbers in the national economy, such as an assembler and janitor. Tr. 29, Finding 10. Therefore, the ALJ concluded that, prior to December 17, 2009, plaintiff was not disabled. However, the ALJ found that, beginning on December 17, 2009, the severity of plaintiff's impairments medically equaled the criteria of sections 12.04, 12.06 and 12.08 of 20 C.F.R. Part 404 Subpart P, Appendix 1. Tr. 30. The Appeals Council denied plaintiff's request for administrative review, making the ALJ's decision the final decision of the Acting Commissioner. Plaintiff subsequently initiated this action seeking judicial review.

## DISCUSSION

Plaintiff contends that the ALJ erred in failing to find that plaintiff was disabled during the relevant period before December 17, 2009. Plaintiff contends that this court must reverse and remand the Acting Commissioner's final decision for an immediate award of benefits for three reasons:

(1)    The Acting Commissioner erred by failing to take into account medical records submitted post-hearing to the Appeals Council;

(2)    The ALJ failed to adequately consider the lay witness testimony of plaintiff's mother and sister; and

(3)    The ALJ failed to adequately consider the opinion of examining psychologist, Karla Cauyesa, Psy. D.

1.    **Port-Hearing Medical Evidence**

Plaintiff submitted to the Appeals Council medical records from Gordon Canzler, M.D.,

dated March 21, 1994 through March 31, 2000.  Doctor Canzler's records indicate that plaintiff

suffered from depression from about 1995 through 2000.  The Appeals Council found that the

post-hearing records did not provide a basis for changing the ALJ's decision.  Tr. 7.

Plaintiff argues that because he is asserting a long-standing mental illness, which

progressed over the years, Dr. Canzler's records show a progression of plaintiff's continuous

treatment from about 1995 to the present.  However, Dr. Canzler's most recent record was

created approximately five years before plaintiff's alleged disability onset date.  The ALJ

considered records that were closer to plaintiff's alleged onset date, and concluded that, during

that time, plaintiff could manage his mental health when he took his medication.  Tr. 28.  The

ALJ even noted one instance in 2004 that plaintiff described his medication as "working great."

*Id.*  Therefore, the ALJ's findings were supported by substantial evidence in the record,  and are

not undermined by the post-hearing records.

2.    **Lay Testimony**

Plaintiff alleges that the ALJ erred in failing to properly consider the lay witness

testimony of plaintiff's mother and sister.  Plaintiff's mother and sister testified at the hearing and

submitted written statements to the ALJ.  Both lay witnesses explained that plaintiff's psychiatric

problems began when plaintiff was an adolescent and deteriorated over time.

The ALJ addressed the lay witness testimony by stating, "Their statements and testimony

regarding the claimaint's symptoms and limitations are generally consistent with the totality of

the evidence."  Tr. 32.  While the ALJ did not expressly reject the testimony and written

6  - OPINION AND ORDER

statements of the lay witnesses, his conclusion, that plaintiff was not disabled prior to December 17, 2009, conflicts with their testimony. Specifically, plaintiff's mother explained that plaintiff struggled with depression since he was a teenager. Tr. 567. Additionally, she described a period in which plaintiff was suicidal, neglecting to bathe, and needing her assistance to reconstruct his life just so "he could exist." Tr. 567-68. This occurred in October 2005, suggesting that plaintiff's mental state was disabling before December 17, 2009. Similarly, plaintiff's sister described plaintiff as "minimally functional" during a meeting in 2005. Tr. 116. This testimony also conflicts the ALJ's determination that plaintiff's mental functioning was first disabling in 2009. Therefore, the ALJ silently rejected, at least in part, the testimony and statements of the lay witnesses.

"An ALJ may reject lay witness testimony only if he gives reasons germane to each witness whose testimony he rejects." *Morales v. Colvin*, 534 Fed. Appx. 589, 592 (9th Cir. 2013) (citation and quotation omitted). Defendant argues that the ALJ reasonably found that the lay witnesses' testimony and statements were supportive of disability beginning in December 2009, but not before. In so arguing, defendant contends that the lay witness testimony provided little insight into plaintiff's sustained mental functioning because plaintiff's mother and sister saw plaintiff only sporadically. However, the ALJ provided no such reasoning. The ALJ simply stated that the testimony and statements of both witnesses was consistent with the evidence. The ALJ's decision was not consistent with the lay witnesses testimony, and he did not provide any reason to reject either's opinion. Therefore, this court finds that the ALJ erred in his consideration of the lay witness testimony of plaintiff's mother and sister.

///

7 - OPINION AND ORDER

### 3.    Expert Testimony

Plaintiff asserts that defendant failed to properly consider the opinion of examining psychologist, Karla Cauyesa, Psy. D. Doctor Cauyesa conducted a psychodiagnostic evaluation and examination of plaintiff on April 6, 2011. The ALJ gave Dr. Cauyesa's opinion some weight, but he rejected her opinion as to plaintiff's ultimate disability, noting that such a determination is reserved for the Commissioner. Tr. 32. The ALJ's determination that plaintiff's symptoms were not disabling prior to 2009 conflicts with Dr. Cauyesa's testimony. Doctor Cauyesa concluded that, given his mental illness, plaintiff was not able to be gainfully employed, outside his father's business, from at least 2000, and very likely, years before that. Tr. 530. Additionally, Dr. Cauyesa described plaintiff's difficulties in maintaining social functioning as severe. Tr. 528. She opined that his ability to function around other people has been severely limited since childhood and stated he has even isolated himself from his family for years. Tr. 528. Doctor Cauyesa also noted that plaintiff has demonstrated no ability to make plans independently since 2000. Tr. 529. In her opinion, plaintiff's mental health "deteriorated profoundly" after he was fired from his job at his father's business in 2000.

The opinion of an examining doctor, even if contradicted by another doctor, can only be rejected for "specific and legitimate reasons that are supported by substantial evidence in the record." *Hill v. Astrue*, 698 F.3d 1153, 1160 (9th Cir. 2012) (citation and quotation omitted). Even though Dr. Cauyesa explained that plaintiff's mental state severely limited his ability to function prior to December 17, 2009, the ALJ provided no reasoning as to why he discredited this opinion. In failing to properly consider the opinion of an examining doctor, the ALJ erred.

When an ALJ's denial of benefits is not supported by the record, "the proper course,

except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (internal quotation marks omitted). A remand for further proceedings is unnecessary if the record is fully developed, and it is clear from the record that the ALJ would be required to award benefits. *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). The decision whether to remand for further proceedings turns upon the likely utility of such proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000).

In this case, the ALJ improperly rejected medical opinion evidence as to plaintiff's mental functioning prior to December 17, 2009, and improperly rejected lay witness opinions. However, even considering this evidence, this court is unable to make a determination as to plaintiff's mental functioning prior to December 17, 2009. It is necessary for an ALJ to weigh the previously rejected evidence which may be contradictory, including, but not limited to, plaintiff's drug use, plaintiff's compliance with medication, the lay witnesses' familiarity with plaintiff's mental functioning during that time, and the variability of plaintiff's mental functioning. This court therefore concludes that outstanding issues remain that must be resolved before a determination of disability can be made. *See Harman*, 211 F.3d at 1180 ("In cases where the testimony of the [VE] has failed to address a claimant's limitations as established by improperly discredited evidence, we consistently have remanded for further proceedings rather than payment of benefits."). Upon remand, the ALJ shall address Dr. Cauyesa's opinion as it relates to the timing of plaintiff's mental deterioration and the lay witness testimony of plaintiff's mother and sister.

///

9 - OPINION AND ORDER

**CONCLUSION**

For the reasons provided, this court concludes that pursuant to sentence four of 42 U.S.C. § 405(g), the decision of the Acting Commissioner denying Eric Cothell's application for disability benefits must be REVERSED and REMANDED for further proceedings consistent with this ruling and the parameters provided herein.

IT IS SO ORDERED.

DATED this _____ day of March, 2014.

Ancer L. Haggerty
United States District Judge